UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ROY GRIFFITH,

        Plaintiff,

v.

ROMEO ARANAS, *et al.*,

        Defendants.

3:16-cv-00309-MMD-VPC

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff's emergency motion for a temporary restraining order and preliminary injunction. (ECF Nos. 23 and 24.) Defendants' opposed, (ECF No. 25), and plaintiff's replied (ECF no. 26). For the reasons described below, the court recommends that the motion be denied.

## I. PROCEDURAL HISTORY

Roy Griffith ("plaintiff") is an inmate in the custody of the Nevada Department of Corrections ("NDOC") at the Northern Nevada Correctional Center ("NNCC"). Proceeding *pro se*, plaintiff brings this case under 42 U.S.C. § 1983. (ECF No. 1-1.) On January 23, 2017, the court screened plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A, and allowed plaintiff to proceed on one Eighth Amendment claim of deliberate indifference to serious medical needs against Dr. Romeo Aranas ("Dr. Aranas"), Dr. Karen Gedney ("Dr. Gedney"), and against former NDOC Director Greg Cox ("Cox") only with respect to plaintiff's claim for injunctive relief. (ECF No. 3 at 6.)

In plaintiff's motion, he alleges that defendants deliberately deprived him of a cure to his Hepatitis-C ("Hep-C") infection for nonmedical reasons. (ECF No. 23 at 3.) Plaintiff contends

that Dr. Gendney refused to prescribe plaintiff a direct-acting antiviral ("DAA"), which plaintiff claims is a cure for Hep-C, due to the high cost of the medication. (ECF No. 23 at 10.) Dr. Gedney stated that plaintiff's liver "would have to need immediate medical attention" to receive treatment because NNCC only has funding to treat ten inmates a year. (*Id.*) Dr. Gedney and Dr. Aranas have denied plaintiff's repeated requests for treatment with a DAA despite approving plaintiff for "interferon Hep-C treatment in 2009-2010." (*Id.* at 11.) Plaintiff contends that he has been denied DAA treatment pursuant to Medical Directive 219.1, an NDOC guideline for treating Hep-C that excludes inmates whose liver damage falls below a threshold level, and that Medical Directive 219.1 was enacted solely to "meet[] fiscal budget restraints ...." (*Id.* at 9.)

The non-treatment of plaintiff's Hep-C is causing ongoing damage to plaintiff's liver and other organs. (*Id.* at 3.) Plaintiff alleges that he experiences constant joint pain, liver pain, digestive issues, severe rash, and fatigue. (*Id.* at 11.) Additionally, an ultrasound indicated that plaintiff's Hep-C is causing his gallbladder walls to thicken. (*Id.* at 12.) Plaintiff seeks to have defendants enjoined from enforcing the exclusion criteria set forth in Medical Directive 219.1 against plaintiff. (*Id.* at 1.) Plaintiff also seeks an injunction requiring defendants to arrange for plaintiff to be seen by an independent physician and provide plaintiff with DAA medication after the independent physician prescribes such treatment. (*Id.* at 1.)

## II. DISCUSSION

### A. Legal Standard

Requests for temporary restraining orders are governed by the same standards that govern the issuance of preliminary injunctive relief. *Los Angeles Unified School Dist. V. United States Dist. Court*, 650 F.2d 1004, 1008 (9th Cir. 1981); *V'Guara v. Dec*, 925 F. Supp 2d 1120, 1123 (D. Nev. 2013). Courts may grant preliminary injunctive relief pursuant to Federal Rule of Civil Procedure 65, but such remedies are "extraordinary and drastic . . . [and] never awarded as of right[.]" *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008) (internal citations omitted). When moving for a preliminary injunction, the plaintiff must make several showings: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of injunctive relief; (3) the

equities balance in his favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008). The test is conjunctive, meaning the party seeking the injunction must satisfy each element. In the Ninth Circuit, courts are to apply a "'sliding scale approach'" in evaluating the motion, "such that 'serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest.'" *Arc of Cal. v. Douglas*, 757 F.3d 975, 983 (9th Cir. 2014) (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)). The standard for a permanent injunction is substantially the same. *Quiroga v. Chen*, 735 F. Supp. 2d 1226, 1229 (D. Nev. 2010).

Other considerations may apply to injunctive relief within the prison context. First, a more stringent standard applies where a party seeks affirmative relief. Ordinarily, preliminary injunctive relief aims to preserve the status quo pending a determination of the case on the merits. *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1023 (9th Cir. 2009). When "a party seeks mandatory preliminary relief that goes well beyond maintaining the status quo *pendente lite*, courts should be extremely cautious about issuing a preliminary injunction." *Martin v. Int'l Olympic Comm.*, 740 F.2d 670, 675 (9th Cir. 1984). Thus, mandatory preliminary relief is only warranted where both the facts and the law clearly favor the moving party and "extreme or very serious damage will result." *Anderson v. United States*, 612 F.2d 1112, 1115 (9th Cir. 2009) (internal quotation omitted). Second, the Prison Litigation Reform Act ("PLRA") provides that, with regard to prison conditions,

> [p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity . . . in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). Therefore, the PLRA "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no

longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Gilmore v. California*, 220 F.3d 987, 999 (9th Cir. 2000).

Finally, in addition to the requirements described above, the Supreme Court has observed that a preliminary injunction motion must seek relief of the "same character as that which may be granted finally." *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). Thus, a court may not enjoin conduct relating to "a matter lying wholly outside the issues in the suit." *Id.* In the same vein, the Ninth Circuit recently ruled that "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pac. Radiation Oncology, LLC v. Queen's Medical Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) (citing *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)). Absent a sufficient "relationship or nexus, the district court lacks authority to grant the relief requested." *Id.*

**B.     Analysis**

Having reviewed plaintiff's filings with the above-cited principles in mind, plaintiff has not made the showing required for an injunction to issue. First, plaintiff has failed to show that he is likely to succeed on the merits of his underlying deliberate indifference claim. "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). To prevail plaintiff must make two showings: (1) a "serious medical need," and (2) that defendants' response was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). A prison official acts with "deliberate indifference ... only if the [prison official] knows of and disregards an excessive risk to inmate health and safety." *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1187 (9th Cir. 2002). For this reason, differences in judgment between a prison medical official and an inmate do not, as a matter of law, establish deliberate indifference, even if the medical official is grossly negligent. *Toguchi*, 391 F.3d at 1058.

Plaintiff asserts that his Hep-C infection is causing other medical conditions necessitating DAA intervention and that he is in "mortal danger," (ECF No. 23 at 6), but he provides no medical evidence that this is true beyond unsupported allegations and speculation. (*See* ECF No. 26-5.) Nor does plaintiff provide evidence that treatment with DAA is medically indicated at this point.

In fact, the only medical evidence plaintiff provides of his condition is a document containing laboratory test results that the court is unable to interpret. (ECF No. 26-5.) Even if plaintiff provides evidence of his deteriorating health, it is not clear at this stage that he can establish that defendants are acting in conscious disregard of an excessive risk to plaintiff's health. Plaintiff cites to declarations from fellow inmates in support of his position, but this evidence concerns only the medical care that these inmates have received, and has no bearing on whether defendants acted with deliberate indifference as to plaintiff's medical needs. (ECF No. 23 at 21; ECF No. 26-5.) Furthermore, plaintiff admits that multiple doctors have decided against prescribing DAA treatment for plaintiff's Hep-C; instead, they have chosen to monitoring plaintiff's condition. (*See* ECF No. 23 at 12, 28.) Plaintiff may disagree with the chosen course of treatment, but differences in judgment between a prison medical official and an inmate do not, as a matter of law, establish a violation of the Eighth Amendment. *Toguchi*, 391 F.3d at 1058.

Second, plaintiff has failed to show that he is likely to suffer irreparable harm in the absence of the requested injunctive relief. The court will not grant prospective injunctive relief unless the moving party demonstrates that future irreparable injury is not merely possible, but likely. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008); *Carribean Marine Servs. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988) ("Speculative injury does not constitute irreparable injury sufficient to warrant granting preliminary [injunctive] relief."). Plaintiff's motion contains no evidence demonstrating that his health is declining or that his Hep-C infection poses a reasonable likelihood of future injury. Plaintiff's speculation that his Hep-C infection is causing him to develop "poryphia cutanea tarda," "Raynaud's syndrome," and various other diseases is wholly unsupported by the record. (*See* ECF No. 26-5.) Moreover, plaintiff's exhibits indicate that acute Hep-C infections may spontaneously clear on their own. (*See* ECF No. 26-4 at 26; ECF No. 26-3 at 15.) While plaintiff contends that he has a chronic, rather than acute, infection, he provides no evidence to support this diagnosis. (*See* ECF No. 36 at 4-6.) Finally, as noted above, it appears that plaintiff is receiving constant medical care and NDOC doctors are monitoring his condition. (*See* ECF No. 23 at 12, 28.) Thus, plaintiff has not met his burden to persuade the court that the

possibility of future injury is more than speculative. *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).

Having found that plaintiff has not made the requisite showing that he is likely to succeed on the merits or to suffer irreparable harm, the court concludes that neither a temporary restraining order nor a preliminary injunction is warranted. This decision is in keeping with the Ninth Circuit's heightened standard for mandatory injunctions, under which the facts and law must clearly favor plaintiff and serious harm must be a likely result of this court's inaction. *See Park Vill. Apartment Tenants Ass'n v. Mortimer Howard Trust*, 636 F.3d 1150, 1161 (9th Cir. 2011).

### III. CONCLUSION

Based on the above, the court recommends that plaintiff's motion (ECF Nos. 23 and 24) be denied.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's motion for preliminary a preliminary injunction (ECF Nos. 23 and 24) be **DENIED.**

DATED: November 9, 2017

_____
UNITED STATES MAGISTRATE JUDGE