UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ROY GRIFFITH,<br><br>      Plaintiff,<br>  v.<br>ROMEO ARANAS, *et al.,*<br>      Defendants. | Case No. 3:16-cv-00309-MMD-VPC<br><br>ORDER |

Before the Court is the Report and Recommendation of United States Magistrate Judge Valerie P. Cooke (ECF No. 32) ("R&R" or "Recommendation") relating to Plaintiff's emergency motions for a temporary restraining order and preliminary injunction (ECF Nos. 23, 24). Plaintiff filed his objection to the R&R on December 12, 2017.[1] (ECF No. 37.) Defendant responded (ECF No. 38) and Plaintiff replied (ECF No. 39).[2] For the reasons described below, the Court schedules an evidentiary hearing and refers this case to the Pro Bono Program ("Program") adopted in General Order 2016-02.

After screening pursuant to 28 U.S.C. § 1915A, the Court permitted Plaintiff to proceed on one Eighth Amendment claim of deliberate indifference to serious medical

---

[1]Although objections to the R&R were due by November 23, 2017, Plaintiff filed a motion requesting enlargement of time to answer on November 20, 2017 (ECF No. 33), and Defendants filed their non-opposition on December 4, 2017 (ECF No. 36). In light of Defendants' non-opposition and given that Plaintiff is proceeding *pro se* and faces difficulties gathering documents in the prison environment, the Court grants Plaintiff's motion requesting enlargement of time to answer.

[2]LR IB 3-1(a) provides that a reply brief "will be allowed only with leave of court." Plaintiff did not seek leave to file his reply. Nevertheless, the Court will consider Plaintiff's reply given the significance of the issues raised and the fact that an evidentiary hearing will be scheduled.

needs against Defendants Dr. Romeo Aranas ("Dr. Aranas") and Dr. Karen Gedney ("Dr. Gedney") for declaratory, injunctive, and monetary relief and against former NDOC Director Greg Cox ("Cox") only with respect to Plaintiff's claim for injunctive relief. (ECF No. 3 at 6.)

Plaintiff is infected with Hepatitis-C virus ("HCV") and experiences a number of symptoms as a result: constant joint pain, liver pain, digestive issues, severe rash, and fatigue. (ECF No. 23 at 11.) Additionally, an ultrasound indicated that Plaintiff's HCV is causing his gallbladder walls to thicken. (*Id.* at 12.)

In recent years, a cure for HCV has emerged in the form of a class of medications called direct-acting antivirals ("DAA"). These medications are known to cure HCV at a rate of 90-95%. (ECF No. 37 at 9.)

Defendants have denied Plaintiff's requests for DAA based on Medical Directive 219.01 (ECF No. 37 at 2), which excludes from treatment individuals with Aspartate Aminotransferase Platelet Ratio Index ("APRI") levels lower than 2.0. (ECF No. 37-1 at 25.) An APRI score above 1.5 indicates that the patient likely has, or is quickly approaching, cirrhosis of the liver according to prison officials in a similar case. *King v. Calderwood*, No. 2:13-cv-02080-GMN-PAL, 2016 WL 4771065, at *5 (D. Nev. Sept. 12, 2016), *aff'd sub nom. King v. Cox*, 692 F. App'x 398 (9th Cir. 2017). An APRI score above 0.5 indicates the likelihood of some liver damage (fibrosis). *Id.*

Plaintiff contends that Defendants have been deliberately indifferent to his serious medical needs by denying him a cure for his HCV. (ECF No. 23 at 4-5.) Plaintiff further contends that Medical Directive 219.01 was enacted solely to meet budgetary restraints. (*See id.* at 10.) Implicit in Plaintiff's argument is that he has been denied DAA solely for nonmedical reasons.

Plaintiff seeks to preliminarily enjoin Defendants from enforcing the exclusion criteria set forth in Medical Directive 219.01 against him. (*Id.* at 1.) Plaintiff also seeks a preliminary injunction requiring Defendants to arrange for Plaintiff to be seen by an

///

2

independent physician and provide Plaintiff with DAA medication after the independent physician prescribes such treatment. (*Id.*)

While preliminary injunctive relief is an "extraordinary remedy," *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008), and mandatory injunctive relief more extraordinary still, *Anderson v. United States*, 612 F.2d 1112, 1115 (9th Cir. 2009), Plaintiff has alleged facts that raise serious constitutional questions about NDOC's adherence to Medical Directive 219.01. First, Plaintiff alleges that Medical Directive 219.01 is inconsistent with the current standard of care. Plaintiff provides a copy of the American Association for Study of Liver Disease's ("AASLD") recently released guidelines for treatment of HCV. (ECF No. 37-1 at 46-53.) The guidelines recommend treatment "for all patients with chronic HCV infection, except those with short life expectancies that cannot be remediated by treating HCV, by transplantation, or by other directed therapy." (*Id.* at 47.) The guidelines do not recommend postponing treatment for individuals lacking signs of extensive liver damage (such as high APRI scores).

Second, Plaintiff alleges that he will suffer irreparable harm in the absence of a preliminary injunction. He alleges that his disease will worsen—his liver scarring, mental and physical fatigue, digestive issues, liver pain, and severe rash will continue unabated. (ECF No. 39 at 4.) He also alleges that the chance of DAA curing his HCV will diminish. (ECF No. 23 at 5; ECF No. 37 at 9.)

Due to the importance of the issue before the Court, the Court finds it necessary to hold an evidentiary hearing and appoint counsel for Plaintiff.

Accordingly, this case is referred to the Pro Bono Program adopted in General Order 2016-02 for the purpose of identifying counsel willing to be appointed as pro bono counsel for Plaintiff. The scope of appointment will be for the limited purpose of representing Plaintiff in an evidentiary hearing on his emergency motions. By referring this case to the Program, the Court is not expressing an opinion as to the merits of the case.

It is hereby ordered that this case is referred to the Pro Bono Program for appointment of counsel for the purposes identified herein.

It is further ordered that the Clerk also forward this order to the Pro Bono Liaison.

It is further ordered that Plaintiff's Request for Enlargement of Time to Answer (ECF No. 33) is granted.

The Court will issue a separate order scheduling the evidentiary hearing to be held within sixty (60) days even if pro bono counsel is not located for Plaintiff.

DATED THIS 9th day of January 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE